Matthew W. Glennon, Sr. v. Commissioner.
Glennon v. Commissioner
Docket No. 61782.
United States Tax Court
T.C. Memo 1957-148; 1957 Tax Ct. Memo LEXIS 104; 16 T.C.M. (CCH) 628; T.C.M. (RIA) 57148; July 31, 1957
*104 Matthew W. Glennon, Sr., 407 West Washington Avenue, Brooklyn, N.Y., pro sc. Jules W. Breslow, Esq., for the respondent. TIETJENS
Memorandum Opinion TIETJENS, Judge: The Commissioner determined a deficiency in the petitioner's income tax for 1952 in the amount of $322.60. The petitioner filed his income tax return for 1952 with the director of internal revenue for the Brooklyn district of New York. On that return he reported income in the amount of $5,554.85 and taxes withheld in the amount of $539. The income came from two sources: the National Offset Company, and the Chattanooga Printing & Engraving Company. The petitioner did not receive W-2 forms from the Chattanooga Printing & Engraving Company and on the return he estimated that he received $3,250 from that company and that it had withheld $310 in taxes. The petitioner itemized his deductions and claimed exemptions for himself, his wife and his two sons. He also claimed a one-half exemption for his mother-in-law who lived at his home until June 1952. The amount of tax shown to be owing on the return was $270.15 less than the amount withheld and the petitioner received a refund in that amount. The Commissioner *105 disallowed the itemized deductions for lack of substantiation and allowed the standard deduction. He also disallowed the one-half exemption claimed by the petitioner for his mother-in-law and he disallowed an exemption claimed by the petitioner for one of his sons who was enrolled in school and was receiving $75 per month under the "G. I. Bill." The petitioner tried and argued his case pro se. His testimony in regard to the itemized deductions and exemptions which had been disallowed was vague and most unsatisfactory. In this respect, we have no choice but to sustain the Commissioner's determination, which is presumed to be correct until shown otherwise. The petitioner did introduce into evidence a letter from the Chattanooga Printing & Engraving Company which showed that his wages from that company in 1952 were $3,595.50 and that it had withheld $452.70 in taxes. The Commissioner used this information in recomputing the petitioner's 1952 income taxes. The recomputation showed that the correct deficiency in income tax was $278.54. Decision will be entered for the respondent in the amount of $278.54.